UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER GRAY,

    Plaintiff,

v.

DETROIT LAND BANK AUTHORITY,
DETROIT BUILDINGS, SAFETY
ENGINEERING, AND ENVIRONMENTAL
DEPARTMENT, AND MOHAMMAD
SALEH, in his individual capacity.

    Defendants.

Case No.
Hon.

| CHRISTOPHER GREAY<br>19375 Kentfield<br>Detroit, MI 48219 | CHERYL L. RONK (P54897)<br>Attorney for Defendant City<br>2 Woodward, Suite 500<br>Detroit, MI 48226<br>ronkc@detroitmi.gov |
|---|---|

## Notice of Removal of Civil Action

Under 28 U.S.C. § 1441, Defendant City of Detroit removes this civil action predicated upon the following:

1. On April 18, 2025, plaintiff commenced this action in the Third Judicial Circuit of Michigan. This action is now pending before that court.

2. Defendant Mohammad Saleh was served with the summons and complaint on or about May 6, 2025.

3. The above entitled action is a civil suit for alleged civil rights violations in which plaintiff seeks compensatory and punitive damages, allegedly arising, in part, from a violation or deprivation of rights under the United State Constitution, as more fully appears in the copy of the complaint attached to

this notice.

4. This Court has original jurisdiction of the above-entitled action under 28 U.S.C. § 1331 and removal of the action to this Court is proper under 28 U.S.C. § 1441(a).

5. Under 28 U.S.C. § 1441(c) this action is removed in its entirety to this Court.

6. Copies of all process, pleadings, and orders served upon the defendant in this matter are attached.

7. This notice is timely, having been filed within thirty days after service of Summons and Complaint upon the Defendant.

8. The undersigned has prepared a written notice of the removal of this action. Such notice has been provided to counsel for Plaintiff and to the clerk of the court from which this matter is removed. Promptly after filing this Notice of Removal of Civil Action, the undersigned will file a copy with the clerk of the court from which this action is removed, and provide a copy to counsel of record by first class mail and email.

9. Based upon the authorities and facts recited above, Defendant removes the above-entitled action to this Court.

　　　　　　　　　　　　　　　　　　　　 /s/ *Cheryl L. Ronk*
　　　　　　　　　　　　　　　　　　　　Cheryl L. Ronk (P54897)
　　　　　　　　　　　　　　　　　　　　Senior Assistant Corporation
　　　　　　　　　　　　　　　　　　　　Coleman A. Young Municipal
　　　　　　　　　　　　　　　　　　　　Center 2 Woodward Avenue, Suite 500
Dated: May 15, 2025　　　　　　　　　　Detroit, Michigan 48226

## Certificate of Service

The undersigned certifies that on May 15, 2025, she served the foregoing papers upon the above named counsel of record by U.S. Mail and by email.

　　*/s/ Cheryl L. Ronk*
　　Cheryl L. Ronk

| | 1st Copy- Defendant | 3rd Copy -Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>**25-005813-CZ**<br>**Hon.Charlene M. Elder** |

Court telephone no.: 313-224-5436

| Plaintiff's name(s), address(es), and telephone no(s)<br>Gray, Christopher | v | Defendant's name(s), address(es), and telephone no(s).<br>Saleh, Mohammad |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br>Christopher Gray<br>19375 Kentfield<br>Detroit, MI 48219 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
- ☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
- ☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
- ☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
- ☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
- ☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
- ☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
- ■ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ■ this court, ☐ _____ Court, where it was given case number **25-006017-CZ** and assigned to Judge **ELDER**.
  The action ■ remains ☐ is no longer pending.

Summons section completed by court clerk.                    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>4/18/2025 | Expiration date*<br>7/18/2025 | Court clerk<br>Yolanda Payne |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)           **SUMMONS**           MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105





MCL 600.1910, MCR 2.104, MCR 2.105

JIS Code: POM

| STATE OF MICHIGAN JUDICIAL DISTRICT | PROOF OF MAILING | CASE NO. and JUDGE |
|---|---|---|
| Third — JUDICIAL CIRCUIT | | 25-005813-CZ |
| Wayne — COUNTY | | Judge Charlene Elder |

**Court address**  
Two Woodward Ave. Detroit MI 48226

**Court telephone no.**  
313-224-5260

| Plaintiff's name, address, and telephone no. | | Defendant's name, address, and telephone no. |
|---|---|---|
| Christopher Gray<br>19735 Kentfield<br>Detroit MI 48219<br>313-818-9886 | v | Detroit Land Bank Authority, et al<br>500 Griswold<br>Detroit MI 48226<br>313-974-6869 |
| Plaintiff's attorney, bar no., address, and telephone no. | | Defendant's attorney, bar no., address, and telephone no. |

In the matter of   Christopher Gray v DLBA, DBSEED, Mohammed Saleh, indivually

On the date below I sent by first-class mail a copy of   Verified Complaint and Emergency Motion for Temporary Restraining Order and Verified Complaint for Injunctive Relief and Damages

to: List names and addresses.

1. Detroit Land Bank Authority 500 Griswold Detroit MI 48226

2. Detroit Buildings, Safety, Engineering and Environmental Department 2 Woodward Ave Ste 401 Detroit MI 48226

3. Mohammed Saleh, individually c/o Detroit Buildings, Safety, Engineering and Environmental Department 2 Woodward Ave Ste 401 Detroit MI 48226

I declare under the penalties of perjury that this proof of mailing has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

May 3, 2025  
**Date**

*Christopher Gray*  
**Signature**  
Christopher Gray  
**Name (type or print)**

Approved, SCAO  
Form MC 302, Rev. 3/21  
MCR 2.107(C)(3),(D)  
Page 1 of 1

SRA

STATE OF MICHIGAN.

IN THE THIRD JUDICIAL CIRCUIT COURT
COUNTY OF WAYNE

Case No. 25-005813-CZ

**CHRISTOPHER GRAY,**

Plaintiff,

v.

**DETROIT LAND BANK AUTHORITY,**
**DETROIT BUILDINGS, SAFETY ENGINEERING, AND ENVIRONMENTAL DEPARTMENT,**
and **MOHAMMAD SALEH**, in his individual capacity,

Defendants, Parties and attorneys may also include Ms., Mr., or Mx. as a preferred form of address and one of the following personal pronouns in the name section of the caption: he/him/his, she/her/hers, or they/them/theirs. Courts must use the individual's name, the designated salutation or personal pronouns, or other respectful means that are not inconsistent with the individual's designated salutation or personal pronouns when addressing, referring to, or identifying the party or attorney, either orally or in writing.

THERE ARE NO PRIOR CASES BETWEEN PLAINTIFF AND DEFENDANTS

**VERIFIED COMPLAINT**

Plaintiff Christopher Gray, by and through his undersigned counsel, brings this Verified Complaint against Defendants Detroit Land Bank Authority ("DLBA"), Detroit Buildings, Safety Engineering, and Environmental Department ("BSEED"), and Mohammad Saleh, in his individual capacity, and alleges as follows:

**I. PARTIES**

1. **Plaintiff Christopher Gray** is a resident of Detroit, Michigan, and the lawful occupant of 19735 Kentfield St, Detroit, MI. Plaintiff has resided at this property since February 2020 and has made substantial efforts to secure ownership rights.
2. **Defendant DLBA** is a public authority organized under Michigan law, with its principal place of business in Detroit, Michigan. DLBA is responsible for managing publicly owned properties in Detroit.
3. **Defendant BSEED** is a municipal department tasked with enforcing building codes and environmental regulations in Detroit.
4. **Defendant Mohammad Saleh** is an inspector employed by BSEED who personally engaged in fraudulent conduct outside the scope of his official duties.

## II. JURISDICTION AND VENUE

5. Jurisdiction is proper pursuant to Michigan law and federal statutes, including **42 U.S.C. § 1983** (civil rights violations) and **18 U.S.C. § 1962 et seq.** (RICO violations).
6. Venue is proper in this Court as the events giving rise to these claims occurred in Detroit, Michigan.

## III. FACTUAL ALLEGATIONS

### A. Plaintiff's Lawful Occupancy and Purchase

7. In February 2020, Plaintiff purchased the property located at 19735 Kentfield St for $5,000 in good faith from a third party.
8. At the time of purchase, Plaintiff was unaware that DLBA claimed possession of the property.
9. Upon learning of DLBA's asserted interest, Plaintiff contacted DLBA to resolve the matter. DLBA advised Plaintiff to file a police report for deed fraud and work with **multiple designated non-profit organizations** to retain ownership.
10. DLBA expressly agreed to deliver the deed to Plaintiff upon completion of these steps, creating a binding contract between Plaintiff and DLBA.

### B. Breach of Contract by DLBA

11. Plaintiff reasonably relied on DLBA's representations and, acting in good faith, took all steps required under their agreement, including filing a police report and engaging with **multiple designated non-profit organizations** as instructed by DLBA.
12. DLBA's failure to deliver the deed, despite Plaintiff's full compliance, caused significant financial loss, exposed Plaintiff to legal uncertainty, and denied him the security and stability of homeownership.

### C. Fraudulent Actions and Collusion

13. Defendants DLBA and BSEED engaged in collusive actions designed to deprive Plaintiff of his property rights through fraudulent means.
14. Defendants jointly orchestrated a scheme to deprive Plaintiff of his home through forged documentation, misleading inspections, and threats of eviction — **all without judicial process or lawful title.**
15. Defendant Saleh personally delivered fraudulent inspection reports and falsified documents to Plaintiff in furtherance of this scheme.
16. These actions were deliberate, malicious, and outside the scope of Saleh's official duties, and were carried out with the intent to intimidate and mislead Plaintiff into vacating his lawfully occupied home **without recourse to the courts or legal procedure.**

### D. Civil Rights Violations

17. Plaintiff was deprived of notice, the opportunity to be heard, and legal protection against arbitrary seizure — rights guaranteed by the **Fourth, Fifth, and Fourteenth Amendments** to the United States Constitution.
18. Defendants, acting under color of law, unlawfully interfered with Plaintiff's possessory interest in the property **without judicial process**, without legal justification, and without just compensation.

### E. Denial of Full Enjoyment of Property

19. Defendants obstructed Plaintiff's ability to:
    - Secure legal title to the property;
    - Make improvements or decisions over the property;
    - Enjoy peace of mind and stability as a homeowner.

### F. Attempted Illegal Eviction

20. Defendants repeatedly attempted to evict Plaintiff without lawful authority or proper notice.
21. These actions were retaliatory and intended to undermine Plaintiff's ownership claims.

### G. Irreparable Harm

22. Defendants' actions caused Plaintiff emotional distress, loss of stability, and an inability to fully enjoy ownership rights.

## IV. CLAIMS FOR RELIEF

**Count I: Breach of Contract (Against DLBA)**

23. DLBA entered a binding agreement with Plaintiff.
24. Plaintiff fulfilled all required obligations.
25. DLBA's failure to deliver the deed constitutes a material breach.

### Count II: Fraudulent Conduct and Collusion (Against All Defendants)

26. Defendants knowingly presented forged documents to deprive Plaintiff of property rights.
27. Saleh acted outside the scope of official duties.

### Count III: Civil Rights Violations (42 U.S.C. § 1983) (Against All Defendants)

28. Defendants acted under color of law to deprive Plaintiff of due process and equal protection.

### Count IV: RICO Violations (18 U.S.C. § 1962) (Against All Defendants)

29. Defendants engaged in a **pattern of racketeering activity** involving **wire fraud** and **extortion**, designed to unlawfully deprive Plaintiff of his property and deprive him of his ownership rights.
30. **Wire Fraud**: Defendants used interstate wires (including **emails, phone calls,** and **text messages**) to deceive Plaintiff regarding his rights to the property. These fraudulent communications misled Plaintiff about his legal ownership and coerced him into taking actions that were detrimental to his rightful possession of the property.
31. **Extortion**: Defendant Saleh, acting under color of authority as a BSEED inspector, wrongfully induced Plaintiff to relinquish his claims to the property through **threats of eviction** and by fabricating documentation designed to intimidate Plaintiff and make him fearful of losing his home. This unlawful conduct continued without judicial process or legal authority.
32. As a direct result of these predicate acts, Plaintiff has suffered economic loss, emotional distress, and severe disruption to his lawful possession and enjoyment of his property, as well as a significant interference with his legal rights.

### Count V: Unjust Enrichment (Against All Defendants)

33. Defendants were unjustly enriched through fraudulent conduct and the wrongful deprivation of Plaintiff's property rights.

### Count VI: Punitive Damages (Against All Defendants)

34. Defendants acted willfully, maliciously, and egregiously, justifying an award of punitive damages.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. A **Temporary Restraining Order** enjoining further eviction or interference with Plaintiff's property rights.
B. A **Preliminary Injunction** hearing.
C. A **Permanent Injunction** barring Defendants from interfering with Plaintiff's property rights.
D. **Compensatory Damages** for economic loss, emotional distress, and all actual damages suffered by Plaintiff due to Defendants' unlawful actions.
E. **Punitive Damages** to punish Defendants for their egregious conduct and deter future unlawful actions.
F. **Treble Damages** under RICO, as provided by statute.
G. **Declaratory Judgment** confirming Plaintiff's lawful ownership of the property.
H. Any further relief deemed just and equitable by this Court.

## VI. DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all triable issues.

**Respectfully submitted,**

*Christopher Gray*

Christopher Gray, Pro Se

**Dated:** April 18th, 2025

## VERIFICATION

I, Christopher Gray, verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

*Christopher Gray*
**Christopher Gray**
**Dated:** April 18th, 2025

Christopher Gray
19735 Kentfield
Detroit MI 48219

METROPLEX MI 480
6 MAY 2025 PM 8 L

Detroit Buildings Safety
Engineering and Environmental
Department
2 Woodward Ave. Ste. 401
Detroit MI 48226

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | REQUEST FOR HEARING ON A MOTION (PRAECIPE) ORDER/ADJOURNMENT | CASE NO. 25-005813-CZ |
|---|---|---|

2 Woodward Avenue, Detroit MI 48226    Courtroom 1701 CAYMC    Court Telephone No: 313-224-5436

| Plaintiff name and address<br>Christopher Gray<br>19375 Kentfield | | Defendant name and address<br>Detroit Land Bank Authority |
|---|---|---|
| Plaintiff's attorney, bar no., address and telephone no.<br><br>19375 Kentfield<br>Detroit, MI, 48219 | V | Defendant's attorney, bar no., address and telephone no. |

List additional attorneys on other side

25-005813-CZ
FILED IN MY OFFICE
WAYNE COUNTY CLERK
04-30-2025  10:43:00 AM
CATHY M. GARRETT
/s/ Nkenge Reed

1. Motion Title: EMERGENCY SUPPLEMENTAL FILING REGARDING UNLAWFUL ENTRY, SEARCH, AND SEIZURE

2. Moving Party: Christopher Gray    Telephone No (313) 818-9886

3. Please place on the motion calendar for:

| Judge Charlene M. Elder | Bar No. 55783 | Date : 5/19/2025 | Time : 9:00 AM |
|---|---|---|---|

Adj. To:_____    Adj. To:_____    Adj. To:_____

The motion will be decided [ ] without oral argument   [X] with oral argument as indicated above

Comment

4. I certify that I have had personal contact with DLBA, DBSEED, DPD on 4/21/2025 regarding concurrence in the relief sought in this motion and that concurrence has been denied or that I have made responsible and diligent attempts to contact counsel requesting concurrence with motion.

Date : 4/24/2025    Attorney : Pro Se    Bar No. :

**ORDER / ADJOURNMENT**

Pursuant to MCR 2.119(E)(3), the Court may dispense with oral argument, IT IS ORDERED THAT THIS MOTION IS:

[ ] ORAL ARGUMENT IS ORDERED via ZOOM on _____ at _____ am/pm

[ ] DENIED    [ ] TAKEN UNDER ADVISEMENT    A written or oral decision will be rendered by _____

[ ] GRANTED    [ ] GRANTED IN PART / DENIED IN PART    [ ] DISMISSED    [ ] IT IS FURTHER ORDERED

Date _____    THIRD CIRCUIT COURT JUDGE

RECEIVED MAY 08 2025 CITY OF DETROIT LAW DEPARTMENT

2011-3CC (05/2020) REQUEST FOR HEARING ON A MOTION (PRAECIPE) ORDER/ADJOURNMENT

STATE OF MICHIGAN
IN THE THIRD JUDICIAL CIRCUIT COURT
WAYNE COUNTY


CHRISTOPHER GRAY,                                         CASE NO. 25-005813 - CZ

Plaintiff,

DETROIT LAND BANK AUTHORITY, DETROIT BUILDINGS, SAFETY ENGINEERING
AND ENVIRONMENTAL DEPARTMENT, MOHAMMAD SALEH

Defendant.

_____/


**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND VERIFIED
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

NOW COMES Plaintiff, CHRISTOPHER GRAY, in propria persona, and for her Verified Complaint against Defendant, states as follows:

1. Plaintiff, Christopher Gray, is an individual residing at 19735 Kentfield St, Detroit, MI 48219, in Wayne County, Michigan.

2. Defendant, Detroit Land Bank Authority (DLBA), is a public entity or quasi-governmental agency responsible for managing and disposing of vacant, abandoned, and tax-foreclosed properties within the City of Detroit, with its principal office located in Detroit, Michigan.

3. This Court has jurisdiction pursuant to MCL 600.601 and MCL 600.2925, and venue is proper under MCL 600.1621.

4. Plaintiff is the lawful resident and owner/occupant of the property commonly known as 19735 Kentfield St, Detroit, MI 48219 ("the Property").

5. On or about June of 2015, Defendant initiated or scheduled a foreclosure sale concerning the Property without first providing proper legal notice to owner/occupant, including but not limited to: - A Notice of Foreclosure Sale; - A Notice of Intention to Claim Surplus Proceeds, as required by MCL 211.78t and applicable laws.

6. On or about February 2020, Plaintiff purchased the subject property from the owner/occupant for $5,000.00. Unbeknownst to Plaintiff, the property was, at that time, in the possession of the Detroit Land Bank Authority (DLBA). Plaintiff contacted the DLBA to determine what steps were

necessary to retain ownership of the property. The DLBA advised, first, that a police report for deed fraud needed to be filed, which Plaintiff filed with the Detroit Police Department, 2nd Precinct. Second, the DLBA stated they would enter into a contract with Plaintiff and a nonprofit organization to assist Plaintiff in remaining in the property until the deed could be formally transferred. This process has been ongoing for the past five years.

7. Defendant has failed to demonstrate standing to initiate foreclosure proceedings, as it has not produced nor recorded the original promissory note or mortgage related to the subject property.

8. Plaintiff currently resides at the Property and has personal belongings, including vehicles and household goods, still located there.

9. The foreclosure will result in the permanent loss of Plaintiff's residence and personal property, constituting irreparable harm for which there is no adequate remedy at law.

10. Upon further investigation, conversation with a BSEED authority revealed that the notice left on the property although contained the precise report number, the same deficiencies, yet somehow it was titled differently than the notice posted on the property, and completely devoid of the "Notice Of Intent To Vacate. It appears that The Detroit Land Bank Authority worked in connection with BSEED to forge the document that indicated a pending illegal eviction with 2 business days' notice.

11. Plaintiff is likely to prevail on the merits of this case due to:
a. Improper notice;
b. Lack of standing;
c. Violations of due process and statutory foreclosure requirements.

12. Plaintiff seeks injunctive relief to prevent the foreclosure and/or eviction and requests that the Court halt all proceedings until a full hearing can be held.

13. Plaintiff also seeks any and all damages, including compensatory and statutory damages, resulting from Defendant's wrongful actions.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

A. Issue a Temporary Restraining Order immediately enjoining Defendant from conducting or continuing any foreclosure sale or eviction proceedings concerning the Property;

B. Schedule a preliminary injunction hearing at the earliest possible date;

C. Enter a permanent injunction after hearing, barring the Defendant from taking further action without lawful authority;

D. Award Plaintiff compensatory and statutory damages as proven at trial;

E. Grant such other relief as this Court deems just and equitable.

Respectfully submitted,

*Christopher Gray*

_____
Christopher Gray, In Pro Per
19735 Kentfield St
Detroit, MI 48219
313-818-9886
detroitcityservices@gmail.com

Dated: April 18, 2025

USPS CERTIFIED MAIL®

9507 1066 7131 5125 8234 51

RETURN RECEIPT

Mohammed Saleh % Detroit
Building Safety Engineering
and Environmental Department
2 Woodward Ave. Ste 401
Detroit MI 48226

Christopher Gray
19735 Kentfield
Detroit MI 48219